*Botts,* for Appellant.

*Phister,* for Appellees.

---

### JOHN A. SHRADER et al. *v.* NANNIE PHILLIPS et al.

**Settlement of Estates — Two Administrators — Commissions.**

> Where one of two administrators acts for a short time only, he is not entitled to half the commission allowed for winding up the estate; he should be allowed one-half of the commission for that portion fully administered while he continued to act.

**Administrator's Bond — Counter Security.**

> Where one of a number of sureties fail to join with the others in requiring counter security he is equally bound with the sureties in the new bond.

**Master Commissioner's Report — Exceptions — Confirmation — Second Report — Chancellor's Determination on First Report.**

> The last report which was filed on the day the judgment was rendered was the chancellor's determination on exceptions to former report and there was no more necessity for leaving this report open for exceptions than there was for leaving the judgment open.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 22, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

As Dorsey only continued to act as administrator of Sam'l Phillips, jointly with Thos. L. Phillips, less than a year, it was manifest injustice and error to allow him one-half the commission allowed the administrator for the trouble of winding up the estate; he should be allowed one moiety of the commission for that portion fully administered whilst he continued to act, or if this cannot be

arrived at, a reasonable adjustment should be made of the business transacted within that time, and Dorsey allowed one-half the commission for the same, and the remainder of the entire compensation should be allowed to Thos. L. Phillips, to go in reduction of his liabilities and thus to that extent relieve his securities.

There seems also to be an error in not charging Dorsey for the amount of T. S. Roberts' note for $150, embraced in his receipt of March 21, 1855.

When L. L. and Elias Dorsey moved the County Court of counter security on the administration bond of Thos. L. Phillips and L. L. Dorsey, Richard Phillips, a security therein, seems not to have desired or asked either for relief or counter security; he must, therefore, be held as still continuing liable for Thos. L. Phillips' acts as administrator and jointly bound with those in the new bond. As Dorsey ceased from that time to act as administrator his whole responsibility is as the surety of Phillips, and if Dorsey should be regarded as a cosurety for his coadministrator Phillips, yet as there would then only be four securities, and two of these, the Dorseys, moved and obtained counter surety, Richard Phillips would still remain responsible for one-fourth of Thos. L. Phillips' defalcation, and as there are five securities on the new bond it can do him no injustice to hold him equally bound with them; and we regard this as the true position of these respective sureties, that Richard Phillips remained bound equally with the sureties in the new bond, and the court should have adjudged that the amount decreed to Nannie Phillips should first be made of the estate of these sureties including Richard Phillips before resorting to the estate of either of the Dorseys.

The last report of the commissioner which was filed on the day the judgment was rendered seems to merely be the result of the chancellor's determination on the exceptions of the parties filed to the former report, and only seems to be a more ready means of embodying his determinations, and we cannot perceive the necessity of having this report open for exceptions no more than he should have left his judgment open therefore had he made the summary and arrived at the result, instead of directing the commissioner to do so, and in this there is certainly no reversible error; but as the cause must be returned to the court and should again be sent to the commissioner for a corrected report, if the parties can show any other errors apparent from the record as it now stands, they

should be permitted to do so, but the cause should not again be opened for further proof and litigation.

For these errors, the judgment is reversed, with directions to the court below for further proceedings as herein indicated.

*Caldwell,* for Appellants.

*H. Pope, W. R. Thompson and Marshall,* for Appellees.